IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL WASHINGTON #351532 | § | |
| v. | § | CIVIL ACTION NO. 9:05cv204 |
| TDCJ-CID, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Washington, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Washington raised various complaints in his lawsuit, including allegations of delay in getting him a storage container for his cell, assaults by inmates in September of 2005, and speculation that officers were retaliating against him and were deliberately indifferent toward his safety. Washington's lawsuit was signed on September 15, 2005.

On December 1, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed first that Washington had filed at least three lawsuits which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted. Consequently, the Magistrate Judge said, Washington had to pay the full filing fee or show that he was in imminent danger of serious physical injury in order to be allowed to proceed without paying the fee, a showing which he did not make. The Magistrate Judge further noted that the Southern District of Texas had imposed sanctions in the amount of $25.00 on Washington and ordered that no further *in forma pauperis* lawsuits would be accepted until this sanction was satisfied, and that there was no showing that satisfaction of this sanction had been accomplished.

1

Washington filed a number of motions after the Magistrate Judge's Report was issued, including objections to the Report, which he filed on December 9, 2005.  He also filed a request for a certificate of appealability, which was unnecessary because this is not a habeas corpus petition; a motion to reopen the case, which was unnecessary because the case was not closed; a Rule 60 motion for reconsideration, which was also unnecessary because the case was not closed.  In the interest of justice, these documents will all be construed as incorporating objections to the Magistrate Judge's Report.

In his motion to reopen, Washington says that by virtue of 28 U.S.C. §1915(d), a statutory provision stating that court personnel shall issue and serve process, witnesses can attend, and the same remedies shall be available in IFP cases as in other cases, the Magistrate Judge's Report was not based on facts.  He does not address any of the issues in the Report, so this pleading is without merit.

In his motion for a certificate of appealability, Washington says that his case was dismissed on December 1, 2005, which is incorrect; this is the date of the Magistrate Judge's Report recommending dismissal.  He asks to be allowed to pay an initial partial filing fee under 28 U.S.C. §1915(b), but does not mention the fact that he is subject to the bar of Section 1915(g) and therefore cannot proceed under the initial partial filing fee statute.  This pleading is without merit.

In his objections to the Magistrate Judge's Report, Washington says that there was not a "fact hearing" and so the dismissal of his lawsuit is not a dismissal on the merits.  He complains that the Magistrate Judge improperly dismissed his lawsuit when he did not consent to let the Magistrate Judge rule on his case, but this is incorrect, in that the Magistrate Judge only recommended the dismissal of the lawsuit.  He reiterates some of his claims and argues that the sanctions imposed on him were improper because the order did not recite the particular reasons showing good cause to issue the sanctions, but does not address the fact that he has three strikes under Section 1915(g). This pleading is without merit.

In his Rule 60 motion, Washington again complains, incorrectly, that the Magistrate Judge dismissed his lawsuit without authorization. He says that the Magistrate Judge's Report (which he refers to as a "ruling") was "opposite clearly established law," and that this "ruling" was not based on the law and the facts. He says that no hearing was conducted and repeats several times that he did not sign a consent form to allow the Magistrate Judge to enter final judgment in his case, a matter which is not in dispute. As in his other pleadings, Washington does not mention Section 1915(g) or the Magistrate Judge's conclusion that he has three strikes. This pleading has no merit.

Washington also has filed a notice of appeal of the Magistrate Judge's Report. As a general rule, once an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a). Rutherford v. Harris County, Texas, 197 F.3d 173, 190 (5th Cir. 1999). However, the Fifth Circuit has explicitly stated that an appeal from an unappealable order does not divest the district court of subject matter jurisdiction. Rutherford, 197 F.3d 173, 189 n.17 (5th Cir. 1999).

In this case, Washington took an appeal from the Report of the Magistrate Judge. The Fifth Circuit has held that Reports of the Magistrate Judge are not appealable. Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984). Consequently, Washington's interlocutory appeal does not divest the district court of jurisdiction, and so final judgment may be entered.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the objections thereto, along with the pleadings which have been construed as objections. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge Is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented,

but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $250.00 filing fee. This requirement is in addition to any other requirements which Washington must meet prior to filing suit, including but not limited to the satisfaction of any and all sanctions which have been imposed upon him by any federal court within the jurisdiction of the Fifth Circuit Court of Appeals. It is further

ORDERED that any and all motions which may be pending in this action, specifically including Washington's motion for leave to proceed *in forma pauperis* on appeal, are hereby DENIED.

So **ORDERED** and **SIGNED** this **21** day of **February, 2006.**

_____
Ron Clark, United States District Judge